UNITED STATES OF AMERICA
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.   08 CR 106 |
| v. | ) | |
| | ) | Judge James B. Moran |
| RAYMIE HENDERSON, | ) | |
| NOWELL PATRICK LANDO and | ) | |
| AUGUSTUS WRIGHT | ) | |

**GOVERNMENT'S CONSOLIDATED RESPONSE
TO DEFENDANT'S PRETRIAL MOTIONS**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States

Attorney for the Northern District of Illinois, respectfully submits its response to defendant

AUGUSTUS WRIGHT's pretrial motions.[1]  In response, the government states as follows:

I.     **MOTION FOR DISCLOSURE OF IMPEACHING AND OTHERWISE
       EXCULPATORY INFORMATION; MOTION FOR CONTINUING DISCLOSURE
       OF FAVORABLE EVIDENCE (Docket No. 22, 33)**

Wright seeks disclosure of various materials to which he claims he is entitled pursuant to

*Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). He also

moves for a continuing order that requires the government to provide all evidence in its possession

or evidence that comes into its possession that is favorable to defendants.  The government

acknowledges its obligations under both *Brady* and *Giglio*.  As stated in the government's Rule 16.1

letter, the government is not aware of any evidence that would fall within the purview of *Brady* at

this time but will produce any such evidence one month before trial.  *See* Government's Rule 16.1

---

[1]As of this filing, only defendant Wright has submitted pretrial motions. To the extent
that Wright's co-defendants seek leave of the court to adopt Wright's pretrial motions as their
own, this response also constitutes the government's consolidated response to the co-defendants'
motions.

letter, attached as Exhibit A.   In addition, the government will honor its obligation under *Giglio* to provide the defendants with any documents reflecting any agreement that it has with witnesses or any evidence of other information bearing on any witness' credibility one month before trial. Further, the government has endeavored to produce documents in its possession relating to this case on an ongoing basis, not just those discoverable under Rule 16.1. This is evidenced by the discovery produced by the government to date. *See, e.g.,* Exhibit A. The government will continue to make documents available.

Thus, to the extent that these motions seek to have the government produce materials required under *Brady* or *Giglio*, they motion should be denied as moot. To the extent that Wright's motions seek materials beyond that required by *Brady* or *Giglio*, the motions should be denied.

## II.     MOTION FOR PRETRIAL PRODUCTION OF JENCKS ACT MATERIAL; MOTION FOR DISCLOSURE OF GRAND JURY PROCEEDINGS (Docket Nos. 23, 30)

Wright has moved for pretrial production of grand jury materials. As noted in its Rule 16.1 letter, the government has already produced some grand jury transcripts in an effort to resolve the case short of trial. Pursuant to its obligations under 18 U.S.C. § 3500, the government will also provide transcripts of other grand jury witnesses who will testify at trial one month prior to trial. The government also will provide any grand jury testimony that constitutes *Brady* or *Giglio* material at the same time.

Beyond this, Rule 6(e) of the Federal Rules of Criminal Procedure governs disclosure and secrecy of grand jury material. This rule follows the "long-established policy that maintains the secrecy of grand jury proceedings in the federal courts." *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958). "The 'indispensable secrecy of grand jury proceedings[]' must not be

broken except where there is a compelling necessity." *Id.* at 682 (internal citation omitted). *See also Hernley v. United States*, 932, 980 (7th Cir. 1987) (explaining that "party seeking disclosure must provide 'proof that without the [grand jury] transcript a defense would be greatly prejudiced or that without reference to it an injustice would be done'") (*quoting Proctor & Gamble Co.*, 356 U.S. at 682).

Wright has not offered any information or argument demonstrating a "compelling necessity" outweighing the policy of secrecy regarding grand jury proceedings. In fact, Wright offers no specifics whatsoever to justify disclosure of grand jury materials. Accordingly, the court should deny Wright's motion to the extent that it requires the general disclosure of grand jury materials and proceedings beyond what is required by 18 U.S.C. § 3500.

III.    **MOTION TO REQUIRE GOVERNMENT TO MAKE A *SANTIAGO* PROFFER STATEMENT (Docket No. 24)**

Wright has moved for an order directing the government to make a *Santiago* proffer statement. The government stated in its Rule 16.1 letter that it will provide the defendants with its *Santiago* proffer one month in advance of trial. *See* Exhibit A. This motion should therefore be denied as moot.

IV.    **MOTION FOR DISCOVERY AND PRESERVATION OF AGENTS' NOTES (Docket No. 25)**

Wright has moved for an order requiring the government to preserve the notes, rough notes, logs, and memoranda prepared by, or at the request of, the government's agents and/or attorneys. As stated in its Rule 16.1 letter, the government agrees to instruct its agents to preserve any existing written notes. The government has provided and will continue to provide final typed or written statements of its trial witnesses, including agents, in accordance with 18 U.S.C. § 3500.

To the extent that this motion seeks materials beyond the agents' notes of any witnesses or parties, including materials privileged by the work product doctrine, the government objects to Wright's motion. Wright has made no showing and cited to no authority that would support his request. Moreover, Rule 16(a)(2) specifically exempts from disclosure, unless called for under another section of the rule, the discovery or inspection of reports, memoranda, or other internal government documents made by agents or government counsel. If the court is inclined to construe Wright's motion this broadly, the government requests that this motion be denied.

## V.    MOTION FOR PRODUCTION OF INFORMANTS; MOTION COMPELLING IMMEDIATE DISCLOSURE OF EXISTENCE AND SUBSTANCE OF PROMISES OF IMMUNITY, LENIENCY, OR PREFERENTIAL TREATMENT (Docket Nos. 26, 31)

Wright has moved for an order requiring the government to produce all informants utilized in the investigation for interview by defense counsel and to disclose immediately the existence and substance of promises of immunity, leniency, or preferential treatment.

The government has a limited privilege to withhold the identity of a confidential informant from disclosure. *Roviaro v. United States*, 353 U.S. 53, 60 (1957). The government's limited privilege gives way once the defendant proves that the disclosure of the informant's identity "is relevant and helpful" to his defense "or is essential to a fair determination of a cause." *See United States v. Bender*, 5 F.3d 267, 269 (7th Cir. 1993). Wright does not specify which informants' identities he seeks to discover or how the identity of an confidential informant would assist in his defense.

Despite Wright's failure to demonstrate a need for the information, the government agrees to provide information regarding cooperating witnesses one month before trial, provided there is any such evidence, and evidence of immunity, leniency, or special treatment, to the extent required by

law.  At the present time, no such promises exist.

## VI.     MOTION FOR BILL OF PARTICULARS (Docket No. 27)

Without specifying how the indictment is in any way deficient or citing to any authority, Wright moves for a bill of particulars as to the counts charged in the indictment against him.  The government objects to this motion and requests that it be denied.

Rule 7(f) of the Federal Rules of Criminal Procedure authorizes a bill of particulars only where the indictment fails to sufficiently apprise the defendant of the offense with which he is charged.  Whether to grant or deny a motion for a bill of particulars is committed to the sound discretion of the court.  *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981), *cert. denied*, 455 U.S. 1021 (1982).  "The test for whether a bill of particulars is necessary is 'whether the indictment sets forth the elements of the *offense charged* and sufficiently appraises the defendant of the *charges* to enable him to prepare for trial." *Id.*  (*quoting United States v. Roya*, 574 F.2d 386, 391 (7th Cir.), *cert. denied*, 439 U.S. 857 (1978)) (emphasis in *Kendall*). *See also United States v. Fassnacht*, 332 F.3d 440 (7th Cir. 2003) (stating that "[o]nce the elements of a crime have been specified, an indictment need only provide enough factual information to enable the defendants to identify the conduct on which the government intends to base its case").  These cases emphasize that a defendant is entitled to know the theory of the government's case, not the details of its evidence or how it intends to prove the charges.  *Kendall*, 665 F.2d  at 135.  In determining whether a bill of particulars is needed, the court considers the complexity of the offenses charged, the details in the indictment, and the discovery produced to defendants.  *Id.*

In this case, the conspiracy and money laundering charges are not overly complex. Basically, the indictment alleges that a drug dealer gave the defendants his drug proceeds and

instructed them to launder those proceeds by purchasing real estate, which they allegedly did. Moreover, the indictment details with specificity the elements of the offenses charged and the conduct of the defendants for which they are being charged: it sets forth the nature of the conspiracy, its purpose, the dates of the relevant transactions, the amounts and locations involved in those transactions, and each of the defendants' role in the transactions. Further, the government has provided extensive pretrial discovery to the defendants, giving defendants discovery beyond what is required by Rule 16.1. *See Fassnacht*, 332 F.3d at 447, n. 2 (stating that "a bill of particulars is not required when information necessary for a defendant's defense can be obtained through some other satisfactory form") (internal quotations and citations omitted). Accordingly, Wright's motion for a bill of particulars should be denied.

## VII.    MOTION FOR PRETRIAL LIST OF WITNESSES (Docket No. 28)

Wright moves for an order requiring the government to furnish the names and addresses of all witnesses whom the government intends to call and whom the government does not intend to call at trial. It is well-settled that neither the Constitution nor Rule 16 of the Federal Rules of Criminal Procedure, which governs discovery in criminal cases, requires the pre-trial disclosure of prosecution witnesses. *See United States v. Edwards*, 47 F.3d 841, 843 (7th Cir. 1995). Nevertheless, the government will provide defendants with a list of the names of witnesses whom it intends to call at trial in accordance with a schedule set by the court.

To the extent that Wright seeks a list of witnesses other than those whom the government intends to call, the government objects to this request. Wright has made no showing of a need for or cited to any authority requiring the government to produce such information.

The government also objects to the Wright's request for the addresses of the witnesses. The

government recognizes that a defendant is presumptively entitled to obtain a witness' address. *United States v. Navarro*, 737 F.2d 625, 633 (7th Cir. 1984). Notwithstanding that presumption, "disclosure of a witness' address is not required if it would imperil the witness or his family." *United States v. Caldarazzo*, 444 F.2d 1046, 1049-50 (7th Cir. 1971). This case already has involved threats to witnesses and parties, witness tampering, and attempted murder. Wright has not articulated any specific need for the addresses of these witnesses, and the government already has provided ample discovery to defendants so that they can prepare and investigate this case. To protect the witnesses in this case, the government requests that the court deny Wright's request for their addresses until witness names are produced and addresses are necessary for trial. In the meantime, defendants may contact any witness through the government.

## VIII.  MOTION TO REQUIRE GOVERNMENT TO GIVE IMMEDIATE NOTICE OF ITS INTENTION TO USE EVIDENCE OF OTHER CRIMES (Docket No. 29)

Wright seeks an order requiring the government to give immediate notice of its intention to use Rule 404(b) evidence. Federal Rule of Evidence 404(b) requires the government in a criminal case, upon the request of the accused, provide reasonable advance notice of its intention to use such evidence and the general nature thereof. As the government already stated in its Rule 16.1 letter, the government will provide defendants with notice of evidence that the government intends to introduce pursuant to Rule 404(b) one month prior to trial. *See* Exhibit A.

While the government will attempt to provide notice of all Rule 404(b) evidence it plans to introduce, whether in its case-in-chief or otherwise, the government reserves the right to introduce additional Rule 404(b) evidence not contemplated at the time the government makes it pretrial disclosure, as necessary to rebut evidence introduced by any defendant. *See, e.g., United States v. Baskes*, 649 F.2d 471, 477 (7th Cir. 1980), *cert. denied* 450 U.S. 1000 (1981) (noting that "[n]o rule

7

or rationale guarantees the defense advance knowledge of legitimate impeachment before it calls a witness.").

## IX.    MOTION RESERVING THE RIGHT TO FILE SUPPORTING MEMORANDA AND/OR ADDITIONAL MOTIONS; MOTION FOR LEAVE TO FILE ADDITIONAL PRETRIAL AND TRIAL MOTIONS  (Docket Nos. 32, 37)

Wright seeks to reserve the right and to obtain the court's leave to file supporting memoranda and additional motions.  Pursuant to Federal Rule of Criminal Procedure 12(c), the court established a schedule for the filing of pre-trial motions.  Rule 12(f) provides that the "[f]ailure by a party to make requests which must be made prior to trial, at the time set by the court pursuant to subdivision (c), or prior to any extension thereof made by the court, shall constitute a waiver thereof, but the court for cause shown by the party may grant relief from the waiver." Fed. R. Crim. P. 12(f). Accordingly, the government objects to Wright's motion to the extent that he seeks to avoid showing good cause for the delay, as required by Rule 12(f).

## X.    MOTION FOR AN ORDER REQUIRING DISCLOSURE OF EXPERT TESTIMONY (Docket No. 34)

Wright moves for an order for disclosure of expert witnesses and their qualifications and testimony.  The government has not determined whether it will call an expert witness or witnesses under Federal Rules of Evidence 702, 703, or 705 at trial; however, the government is well aware of its obligations to provide advance notice of any such expert testimony in advance of trial.  Should the government decide that it will call an expert witness, it will promptly comply with the disclosures required by Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure.  This motion therefore should be denied as moot.

## XI.    MOTION TO ADOPT MOTIONS OF CO-DEFENDANTS (Docket No. 35)

Neither of Wright's co-defendants has submitted pre-trial motions to the court. This motion

should therefore be denied as moot.

## XII.    MOTION FOR EARLY RETURN ON TRIAL SUBPOENAS AND ISSUANCE THEREOF *IN FORMA PAUPERIS* (Docket No. 36)

The government does not object to Wright's motion for early return on trial subpoenas or to

their issuance *in forma pauperis*, provided that the government is similarly granted leave to obtain

early return of its trial subpoenas.

## XIII.   CONCLUSION

For the reasons stated above, the government respectfully requests that the court rule on

Wright's motions as specified above.

Respectfully submitted,
PATRICK J. FITZGERALD
United States Attorney

By:      s/Megan Cunniff Church
LISA NOLLER
MEGAN CUNNIFF CHURCH
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604