UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 08 CR 0106 |
| | ) | |
| RAYMIE HENDERSON, | ) | Judge James B. Moran |
| NOWELL PATRICK LANDO and | ) | |
| AUGUSTUS WRIGHT, | ) | |
| Defendants. | ) | |

### MOTION TO DISMISS COUNT ONE OF THE INDICTMENT BECAUSE THE APPLICABLE STATUTE OF LIMITATIONS FOR THE OFFENSE OF MONEY LAUNDERING EXPIRED BEFORE THE GOVERNMENT INDICTED THE DEFENDANTS

NOW COMES defendant, AUGUSTUS WRIGHT, by and through his attorney, STANLEY L. HILL, and moves this Court to dismiss Count One of the Indictment pursuant to Fed. R. Crim. P. 12(b) on the basis that the applicable five-year statute of limitations for money laundering found in 18 U.S.C. §3282(a) expired before the government indicted the defendants in this case.

1. Count One of the Indictment charges defendants HENDERSON, LANDO and WRIGHT conspired to commit the offense of money laundering in violation of 18 U.S.C. §1956 and 18 U.S.C. §1957. It is alleged WRIGHT gave LANDO Individual A's drug money which LANDO shared with HENDERSON to purchase and renovate five parcels of real property. Title to four of the parcels was put in R & P New Development's name (HENDERSON and LANDO'S company) and title to one of the

parcels was put in WRIGHT'S name for the benefit of Individual A to conceal Individual A's ownership in the properties. See Indictment, attached hereto as **Exhibit A**.

2. The government is required to indict defendants for the offense of money laundering no later than five years from the date that the objective of the money laundering scheme is complete. 18 U.S.C. §3282(a)

3. The titles to four of the parcels were placed in R & P New Development's name between June 6, 2001 and December, 2001. See paragraphs 7 through 10 of the Indictment. **Exhibit A**, attached.

4. With respect to the fifth parcel, 10951 S. Michigan Avenue in Chicago, Illinois, this property was put in WRIGHT'S name on May 28, 2002 when HENDERSON gave WRIGHT a warranty deed which was recorded with the Cook County Recorder of Deeds on October 18, 2002. See Warranty Deed, Document No. 0021144580, Grantor Henderson Raymie/Grantee Wright, Augustus, attached hereto as **Exhibit B**.

5. HENDERSON did not have title but possessed a contractual right to purchase the property from Sherwin Real Estate, the title-holder, when he gave the warranty deed to WRIGHT. See copy of Real Estate Contract, Seller, Sherwin Real Estate/Purchaser, Ray Henderson, attached hereto as **Exhibit C**.

6. Cook County Recorder of Deeds records establish Sherwin Real Estate conveyed title to the Michigan Avenue property by quit claim deed to HENDERSON on November 25, 2002 which was recorded December 3, 2002. See Cook County Recorder of Deeds Documents for PIN: 25-15-318-020-0000, the Permanent Index Number for 10951 S. Michigan Avenue, Chicago, Illinois, attached hereto as **Exhibit D**.

7.  765 ILCS 5/7 (2008) [Conveyance without legal interest] states:

Sec.7. If any person shall sell and convey to another, by deed or conveyance, purporting to convey an estate in fee simple absolute, in any tract of land or real estate, lying and being in this state, not then being possessed of the legal estate or interest therein at the time of the sale and conveyance, but after such sale and conveyance the vendor shall become possessed of and confirmed in the legal estate to the land or real estate so sold or conveyed, it shall be taken and held to be in trust and for the use of the grantee or vendee; and the conveyance aforesaid shall be held and taken, and shall be as valid as if the grantor or vendor had the legal estate or interest, at the time of said sale or conveyance.

8  The after-acquired title doctrine is based upon the principle that where one having no title or imperfect title purports to convey good title to another, and afterwards acquires good title to the land, the subsequently acquired title should and does inure to the benefit of the original grantee. *Tompkins State Bank v. Niles*, 127 Ill. 2d 209, 130 Ill. Dec. 207, 537 N.E. 2d 274 (1989); *Robben v. Obering*, 279 F.2d 381 (7th Cir. 1960).

9.  Thus, the Michigan Avenue property HENDERSON put in WRIGHT'S name on May 28, 2002 was held in trust by HENDERSON for the use of WRIGHT and valid when Sherwin Real Estate conveyed the property to HENDERSON on November 25, 2002. See Quit Claim Deed, Document No. 0021330225, Grantor Sherwin Real Estate/Grantee Henderson Raymie G, attached hereto as **Exhibit E**.

10.  To avoid expiration of the applicable statute of limitations the government was required to indict the defendants no later than November 25, 2007, within five years of November 25, 2002 – the date defendants' objective of putting the Michigan Avenue property in WRIGHT'S name and WRIGHT'S equitable title to the property attached. The alleged objective of defendant's money laundering scheme was complete on November 25, 2002.

11. The defendants were not indicted until February 5, 2008; seventy-two (72) days after the applicable statute of limitations for money laundering had expired. Therefore, the indictment in this case is time barred and must be dismissed.

12. Further, paragraph 12 of the Indictment alleges that on or about February 7, 2003 HENDERSON executed a quit claim deed conveying the Michigan Avenue property to WRIGHT. This quit claim deed did not convey title to the Michigan Avenue property to WRIGHT. The purpose of the deed is conspicuously typed on the face of the document. The deed was an exempt transfer pursuant to Section 31-45(d) of the property tax code, 35 ILCS 200/31-45(d), to "correct and modify previously recorded deed" that HENDERSON gave to WRIGHT on May 28, 2002. See Quit Claim Deed, Document No. 0311410091, attached hereto as **Exhibit F**.

13. 35 ILCS 200/31-45(d) (2008) provides an exemption of the deed from the provisions of the Real Estate Transfer Tax because the deed is given *without any additional consideration* to confirm, correct, modify, or supplement the May 28, 2002 deed that was previously recorded on October 18, 2002.

14. This transfer did not give WRIGHT title to the property on February 7, 2003. It was given to estop HENDERSON and all persons in privity with him from later denying that the interest WRIGHT previously obtained in the Michigan Avenue property on May 28, 2002 was effectively conveyed. See 765 ILCS 5/10 (2008). Title was put in WRIGHT'S name on May 28, 2002. WRIGHT obtained equitable title to the property on November 25, 2002.

15. Further paragraph 13 of the Indictment alleges on or about February

4

14, 2003 HENDERSON recorded his November 2002 purchase of the property located at 10951 S. Michigan Avenue in Chicago, Illinois. The February 14, 2003 filing with the Cook County Recorder of Deeds, Document No. 0030217543, is a Mortgage on the Michigan Avenue property allegedly given on February 13, 2002 to Real Estate Investment Partners for $15,000. See Mortgage, Document No. 0030217543, attached hereto as **Exhibit G**. The document recorded on February 14, 2003 is not the Sherwin Real Estate conveyance of the Michigan Avenue property to HENDERSON which occurred in November 2002. See Cook County Recorder of Deeds Documents for PIN: 25-15-318-020-0000, the Permanent Index Number for 10951 S. Michigan Avenue, Chicago, Illinois, attached hereto as **Exhibit D**.

16. Neither the quit claim deed (**Exhibit F**) nor the mortgage (**Exhibit G**) conveyed title to the Michigan Avenue property to WRIGHT. WRIGHT'S name was put on the property on May 28, 2002 and WRIGHT obtained equitable title to the property on November 25, 2002. The defendants' alleged scheme to put WRIGHT'S name on the property for the benefit of Individual A was completed on November 25, 2002 and neither of these transactions operates to extend the statute of limitations beyond the date of November 25, 2007.

WHEREFORE, for the above reasons defendant, AUGUSTUS WRIGHT, moves this Honorable Court to dismiss the Indictment in this case.

Respectfully submitted,

/s/ Stanley L. Hill
Attorney for Defendant Augustus Wright

**STANLEY L. HILL & ASSOCIATES, P.C.**
651 West Washington Boulevard Suite 205
Chicago, Illinois 60661
T. (312) 917-8888
F. (312) 781-9401
E. stanhill@core.com
W. stanhilllaw.com