UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE MORAN**

**MAGISTRATE JUDGE DENLOW**

| | |
|---|---|
| UNITED STATES OF AMERICA | No. **08CR 0106** |
| v. | Violations: Title 18, United States Code, Sections 1956(h) and 1957 |
| RAYMIE HENDERSON, NOWELL PATRICK LANDO and AUGUSTUS WRIGHT | FEB 05 2008 **FILED** |

FEB - 5 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**COUNT ONE**

The SPECIAL AUGUST 2006-1 GRAND JURY charges:

1. At times material to this indictment:

   a. Defendants RAYMIE HENDERSON and NOWELL PATRICK LANDO owned and operated R&P New Development, a company that purchased and rehabilitated real estate; and,

   b. Defendant AUGUSTUS WRIGHT owned and operated a car dealership, South Shore Imports.

2. From in or about 2001 to in or about October 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

RAYMIE HENDERSON,
NOWELL PATRICK LANDO and
AUGUSTUS WRIGHT,

defendants herein, conspired with each other and with others known and unknown to the Grand Jury:

   a. to conduct financial transactions involving proceeds of specified unlawful activity, namely the distribution and sale of controlled substances, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, and that the transactions were designed, in whole or in part, to conceal and disguise the nature, the location, the



04/15/2008  15:58    3127819401                                                                PAGE  02/09
Case 1:08-cr-00106   Document 49-2   Filed 04/15/2008   Page 2 of 9
Case 1:08-cr-00106   Document 1   Filed 02/05/2008   Page 2 of 9

source, the ownership and the control of the proceeds of the specified unlawful activity in violation of Title 18, United States Code, Section 1956; and

      b.    to engage in monetary transactions in criminally derived property of values of more than $10,000, that was derived from unlawful narcotics activities, in violation of Title 18, United States Code, Section 1957;

    3.    It was part of the conspiracy that defendant WRIGHT accepted a substantial amount of United States currency from Individual A, whom defendant WRIGHT then knew to be a narcotics trafficker, knowing Individual A wanted WRIGHT to "clean up" the money by using it to purchase and renovate real estate.

    4.    It was further part of the conspiracy that defendant WRIGHT gave to defendant LANDO a portion of the currency that Individual A had given to him ("the currency"). When defendant WRIGHT gave defendant LANDO the currency, WRIGHT and LANDO agreed that the funds would be used to purchase and renovate real estate, and the title to the real estate would be put in WRIGHT's name to conceal and disguise Individual A's ownership interest in the properties.

    5.    It was further part of the conspiracy that defendant LANDO shared the currency with defendant HENDERSON, and together both defendants used the money to purchase real estate and further renovated the real estate acquired with Individual A's money.

    6.    It was further part of the conspiracy that in or about 2001 through in or about 2002, defendants LANDO and HENDERSON spent a portion of the currency to renovate property located at 10951 S. Michigan Avenue in Chicago, Illinois.

7. It was further part of the conspiracy that on or about June 6, 2001, defendants LANDO and HENDERSON spent approximately $13,000 of the currency to purchase 315 W. 155th Street in Harvey, Illinois, and to place the title in R & P New Development's name.

8. It was further part of the conspiracy that on or about June 6, 2001, defendants LANDO and HENDERSON spent approximately $6,000 of the currency to purchase 6529 S. Aberdeen in Chicago, Illinois, and to place the title in R & P New Development's name.

9. It was further part of the conspiracy that on or about June 6, 2001, defendants LANDO and HENDERSON spent $8,000 of the currency to purchase 203 E. 17th Street, Chicago Heights, Illinois, and to place the title in R&P New Development's name.

10. It was further part of the conspiracy that in or about December, 2001, defendants LANDO and HENDERSON spent approximately $16,000 of the currency to purchase 305-07 154th Place in Calumet City, Illinois, and to place the title in R & P New Development's name.

11. It was further part of the conspiracy that in or about Fall 2001, Individual A met with defendants LANDO and WRIGHT and demanded repayment of the funds he had given to WRIGHT.

12. It was further part of the conspiracy that on or about February 7, 2003, defendant HENDERSON executed a quitclaim deed for the property located at 10951 S. Michigan Avenue, Chicago, Illinois, conveying the property to defendant WRIGHT, for the benefit of Individual A.

13. It was further part of the conspiracy that on or about February 14, 2003, defendant HENDERSON recorded his November 2002 purchase of the property located at 10951 S. Michigan Avenue in Chicago, Illinois.

14. It was further part of the conspiracy that defendants HENDERSON, LANDO and WRIGHT and their co-conspirators misrepresented, concealed and hid, and caused and attempted

3

to have others misrepresent, conceal and hide the purposes of and the acts done in furtherance of the conspiracy.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT TWO

The AUGUST 2006-1 GRAND JURY further alleges:

1. The Grand Jury realleges and incorporates by reference paragraph one of Count One of this Indictment as though fully set forth herein.

2. On or about October 10, 2003, at Homewood, in the Northern District of Illinois, Eastern Division, and elsewhere,

RAYMIE HENDERSON,

defendant herein, did knowingly engage and attempt to engage in a monetary transaction affecting interstate commerce and involving criminally derived property of a value greater than $10,000, in that defendant sold for approximately $92,500, property located at 203 E. 17th Street, Chicago Heights, Illinois, which property was derived from specified unlawful activity, namely drug trafficking;

In violation of Title 18, United States Code, Section 1957.

## FORFEITURE ALLEGATION ONE

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1. The allegations contained in Count One of this Indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982.

2. As a result of his violations of Title 18, United States Code, Section 1956, as alleged in Count One of the foregoing Indictment,

AUGUSTUS WRIGHT,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all right, title, and interest defendant has in any property, real and personal, involved in such offenses and any property traceable to such property.

3. The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section 982 includes approximately $700,000.

4. If any of the property subject to forfeiture described above, as a result of any act or omission by the defendant:

    (a) Cannot be located upon the exercise of due diligence;

    (b) Has been transferred or sold to, or deposited with, a third party;

    (c) Has been placed beyond the jurisdiction of the Court;

    (d) Has been substantially diminished in value; or

    (e) Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982.

04/15/2008  15:58    3127819401                                                              PAGE  08/09
Case 1:08-cr-00106    Document 49-2    Filed 04/15/2008    Page 8 of 9
Case 1:08-cr-00106    Document 1    Filed 02/05/2008    Page 8 of 9

## FORFEITURE ALLEGATION TWO

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1. The allegations contained in Count One of this Indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982.

2. As a result of their violations of Title 18, United States Code, Section 1956, as alleged in Counts One and Two of the foregoing Indictment,

> RAYMIE HENDERSON and
> NOWELL PATRICK LANDO,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all right, title, and interest defendants have in any property, real and personal, involved in such offenses and any property traceable to such property.

3. The interests of the defendants subject to forfeiture pursuant to Title 18, United States Code, Section 982 includes approximately $240,000.

4. If any of the property subject to forfeiture described above, as a result of any act or omission by the defendants:

    (a)    Cannot be located upon the exercise of due diligence;

    (b)    Has been transferred or sold to, or deposited with, a third party;

    (c)    Has been placed beyond the jurisdiction of the Court;

    (d)    Has been substantially diminished in value; or

    (e)    Has been commingled with other property which cannot be divided without difficulty.

04/15/2008 15:58 3127819401 PAGE 09/09
Case 1:08-cr-00106 Document 49-2 Filed 04/15/2008 Page 9 of 9
Case 1:08-cr-00106 Document 1 Filed 02/05/2008 Page 9 of 9

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

9